# EXHIBIT 2a

EXHIBIT 2a

1  Jaimie Mak, Esq. (SBN 236505)
   Kim E. Richman, Esq. (*pro hac vice* forthcoming)
2  THE RICHMAN LAW GROUP
3  81 Prospect Street
   Brooklyn, New York 11201
4  Telephone: (718) 705-4579
   Facsimile: (718) 228-8522
5  jmak@richmanlawgroup.com
   krichman@richmanlawgroup.com
6
7  Todd S. Garber, Esq. (*pro hac vice* forthcoming)
   D. Gregory Blankinship, Esq. (*pro hac vice*
8  forthcoming)
   Bradley F. Silverman, Esq. (*pro hac vice*
9  forthcoming)
   FINKELSTEIN, BLANKINSHIP,
10 FREI-PEARSON & GARBER, LLP
   445 Hamilton Avenue, Suite 605
11 White Plains, NY 10605
12 Telephone: (914) 298-3281
   Facsimile: (914) 824-1561
13 tgarber@fbfglaw.com
   gblankinship@fbfglaw.com
14 bsilverman@fbfglaw.com
15
   *Attorneys for Plaintiff and the Proposed Class*
16

17

18

19

FILED
SAN MATEO COUNTY

JUL 1 2 2018

Clerk of the Superior Court
By _____
DEPUTY CLERK

18 – CIV – 03639
CMP
Complaint
1298513

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| CECELIA ANNE PERKINS, individually, as Trustee of the CECELIA ANNE PERKINS LIVING TRUST DATED JANUARY 6, 2016, and on behalf of all others similarly situated, | Case No. **18 C I V 0 3 6 3 9** |
| | **CLASS ACTION** |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF CAL. CIV. CODE § 2941, *ET. SEQ.*** |
| v. | **DEMAND FOR JURY TRIAL** |
| QUICKEN LOANS, INC., a California corporation, | **BY FAX** |
| Defendant. | |

{00293315 }

1

1    Plaintiff Cecelia Anne Perkins ("Plaintiff"), by her attorneys, The Richman Law Group and
2    Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as and for her class action complaint against
3    defendant Quicken Loans, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE CASE

5    1.    This action seeks to redress the systematic failure of Defendant to timely present to
6    California county recorders proof that deeds of trust have been satisfied.

7    2.    Defendant is the largest residential mortgage lender in the United States.

8    3.    Despite lending more money to home purchasers than any other company, it is unable to
9    comply with the simple, but crucial, responsibility of filing reconveyance documents with county
10   recorder offices after obligations secured by deed of trusts are paid off.

11   4.    This failure to perform a simple act mandated by California has the potential to cause
12   serious harm to those trying to buy or sell a home, as well as to title companies. This failure may prevent
13   the transfer of marketable title from a home seller to purchaser and prevent the completion of the sale.

14   5.    Cal. Civ. Code § 2941(b)(1) requires that beneficiaries like Defendant execute and
15   deliver to designated trustees, among other documents, a request for reconveyance within thirty days
16   after the obligation secured by a deed of trust has been satisfied.

17   6.    Cal. Civ. Code § 2941(b)(1)(A) requires that trustees execute and record, or cause to be
18   recorded, the reconveyance in the office of the appropriate county recorder within twenty-one days after
19   it is received from the beneficiary.

20   7.    It is that filing that proves that an obligation secured by a deed of trust has been satisfied
21   and that the associated property is no longer subject to a lien.

22   8.    A beneficiary or a trustee that fails to comply with its obligations under Cal. Civ. Code
23   § 2941 must forfeit $500 to the affected party (the borrower).

24   9.    This statute is a crucial mechanism by which California ensures that the acquisition and
25   transfer of real property occurs with efficiency and reliability.

26   10.   Defendant, the beneficiary or trustee for thousands of homes in California, has
27   systematically failed to comply with its obligations under Cal. Civ. Code § 2941 and has failed to timely

28

1  execute, deliver, or record requests for reconvenyances or reconvenyances to discharge deeds of trust.

2      11.    As a result, for each violation of Cal. Civ. Code § 2941 (either as a beneficiary or a
3  trustee), Defendant is liable for $500.

4      12.    Defendant is specifically liable to Plaintiff and each member of the putative class alleged
5  herein.

6                              **JURISDICTION AND VENUE**

7      13.    This Court has jurisdiction over the entire action by virtue of the fact that this is a civil
8  action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional
9  minimum of the Court. The acts and omissions complained of in this action took place in the State of
10  California. Venue is proper because this is a class action, the acts or omissions complained of took place,
11  in whole or in part, within the venue of this Court.

12                                      **PARTIES**

13     14.    Plaintiff Cecelia Anne Perkins resides in San Mateo County, California. She was the
14  trustor under the deed of trust at issue pertaining to real property located in San Mateo County,
15  California. She is also the trustee of the Cecelia Anne Perkins Living Trust dated January 6, 2016.

16     15.    Upon information and belief, defendant Quicken Loans, Inc. is a corporation
17  incorporated under the laws of Michigan, with a principal place of business in Michigan. It was the
18  beneficiary and substituted trustee under the deed of trust at issue pertaining to real property located in
19  San Mateo County, California.

20                                 **OPERATIVE FACTS**

21     16.    Defendant is the largest residential mortgage lender in the United States.

22     17.    One of the unfortunate consequences of the consolidation of the banking industry is that
23  lenders are increasingly disconnected from the communities in which they offer and provide home loans.
24  As a result, mortgage lenders like Defendant frequently fail to comply with their obligations to timely
25  execute and record reconveyances when obligations secured by deeds of trust have been satisfied.

26     18.    Defendant often records reconveyances or causes reconveyances to be recorded months,
27  if not years, after they are due. Sometimes a reconveyance is never recorded.

28

19.     This failure to comply with legal obligations can wreak havoc for buyers and sellers of homes, as well as for title companies. "Open" deeds of trust created by the failure to timely record reconveyances result in difficulty passing marketable title from a seller to a purchaser. This can prevent the completion of a property sale.

20.     To address failures to record reconveyances in a timely manner, the California Legislature implemented Cal. Civ. Code § 2941. This statute imposes a $500 statutory liability upon beneficiaries (such as lenders) where the request for a reconveyance and other necessary documents are not executed and provided to the trustee within thirty days.

21.     The statute also imposes a $500 statutory liability upon trustees who do not execute a reconveyance and submit it for recording within twenty-one days after a request for reconveyance.

22.     On or about August 17, 2016, Plaintiff entered into a loan and deed of trust (the "Deed of Trust") with Defendant with respect to property located in San Mateo County.

23.     The property was owned by the Cecelia Anne Perkins Living Trust dated January 6, 2016.

24.     Plaintiff is the trustee of the Cecelia Anne Perkins Living Trust dated January 6, 2016.

25.     No later than May 24, 2017, this property was sold and the proceeds from that sale were used to satisfy all amounts due to Defendant under the Deed of Trust

26.     Thereafter, on or about May 31, 2017, Defendant executed a Substitution of Trustee and Full Reconveyance (attached as Exhibit A), in which Defendant appointed itself as the trustee for purposes of Cal. Civ. Code § 2941 and purported to reconvey all rights to the property.

27.     However, Defendant did not record this document with the San Mateo County Recorder's office until August 2, 2017 – at least 70 days after the sale of the property and the satisfaction of the Deed of Trust. This was well after the time by which it had to be recorded under Cal. Civ. Code § 2941.

28.     The San Mateo County Recorder's office records satisfactions of deeds of trust expeditiously upon presentment.

29.     In fact, upon information and belief, Defendant appears to routinely fail to timely execute and record (or cause to be recorded) reconveyances in thousands of instances.

30.     Within the past calendar year, Plaintiff discovered that Defendant failed to comply with

{00293315 }

4

1   its Cal. Civ. Code § 2941 obligations. Prior to that time, Plaintiff was not aware that she were injured

2   by Defendant's failure to timely comply with its Cal. Civ. Code § 2941 obligations.

3         31.    Plaintiff reasonably relied upon Defendant, as a professional, agent, and fiduciary, to

4   perform the services that it was required to perform. Plaintiff was not on notice of any facts or

5   information that would have required her to inquire into whether Defendant have fulfilled its duty.

6   Plaintiff reasonably expected that Defendant would perform its obligations under Cal. Civ. Code § 2941,

7   as required.

8                           **CLASS ACTION ALLEGATIONS**

9         32.    Plaintiff brings this action pursuant to Code of Civil Procedure § 382 and seeks to

10   represent the following class:

> All persons or parties who were the trustor party to a deed of trust recorded in any
> California county recorder's office for which Quicken Loan, Inc. was a beneficiary or a
> trustee, where either: (1) as a beneficiary, Quicken Loan, Inc. failed to execute and deliver
> to the trustee the original note, deed of trust, request for a full reconveyance, or other
> documents required to delivered to the trustee under Cal. Civ. Code § 2941 within 30 days
> after the obligation secured by the deed of trust was satisfied; or (2) as a trustee, Quicken
> Loans, Inc. failed to execute the full reconveyance or failed to record the reconveyance or
> failed to cause it to be recorded in the office of the county recorder in which the deed of
> trust was recorded within 21 days after receipt of the original note, deed of trust, request
> for a full reconveyance, the fee that may be charged pursuant to Cal. Civ. Code § 2941(e),
> recorder's fees, and other documents as may be necessary to reconvey, or cause to be
> reconveyed, the deed of trust (the "Class").

19         33.    Upon information and belief, the scope of this class definition, including its temporal

20   scope, may be further refined after discovery of the records of Defendant or third parties.

21         34.    Plaintiff's claims are typical of the claims of the Class. Plaintiff is a member of a well-

22   defined Class of similarly situated persons. All members of the Class are similarly affected by

23   Defendant's conduct and are owed the same statutory penalty. Members of the Class are ascertainable

24   from Plaintiff's description of the class or the records of Defendant or third parties accessible through

25   discovery.

26         35.   .  Plaintiff will fairly and adequately represent the members of the Class and has no

27   interests that are antagonistic to the claims of the Class. Plaintiff will vigorously pursue the claims of

28

the Class.

36.     Plaintiff has retained counsel who are competent and experienced in consumer and mortgage related litigation, and who have successfully represented plaintiffs in complex class actions, including class actions relating to lenders' failure to timely record reconveyances and other violations by lenders of their obligations to borrowers.

37.     Common questions of law and fact impact the rights of each member of the Class and a common remedy is available in the form of permissible damages or injunctive relief sought for the Class.

38.     There are substantial questions of law and fact common to all members of the Class that will predominate over any individual issues. These common questions of law and fact include:

        a.      whether Defendant failed to timely execute and record reconveyances or perform other obligations required by Cal. Civ. Code § 2941; and

        b.      whether Defendant violated Cal. Civ. Code § 2941.

39.     A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy. The substantive claims of Plaintiff and the Class are nearly identical and will require evidentiary proof of the same kind and the application of the same law. There is no plain, speedy, or adequate remedy available except through this class action.

40.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class members likely number in the thousands and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The litigation and trial of the claims of Plaintiff and the Class members is manageable. Unless the Class is certified, Defendant will remain free to engage in this same wrongful conduct without consequence.

41.     The Class members are so numerous that the joinder of all such members individually in this case is impracticable. The disposition of their claims as part of a single class action, rather than through thousands of individual lawsuits, will benefit the parties and greatly reduce the aggregate required judicial resources.

42.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

### Violation of Cal. Civ. Code § 2941, *et. seq.*

43.     Plaintiff repeats and realleges all allegations set forth above as if fully set forth herein.

44.     Cal. Civ. Code § 2941 provides that:

(b)(1) Within 30 calendar days after the obligation secured by any deed of trust has been satisfied, the beneficiary or the assignee of the beneficiary shall execute and deliver to the trustee the original note, deed of trust, request for a full reconveyance, and other documents as may be necessary to reconvey, or cause to be reconveyed, the deed of trust.

(A) The trustee shall execute the full reconveyance and shall record or cause it to be recorded in the office of the county recorder in which the deed of trust is recorded within 21 calendar days after receipt by the trustee of the original note, deed of trust, request for a full reconveyance, the fee that may be charged pursuant to subdivision (e), recorder's fees, and other documents as may be necessary to reconvey, or cause to be reconveyed, the deed of trust.

*        *        *

(d) The violation of this section shall make the violator liable to the person affected by the violation for all damages which that person may sustain by reason of the violation, and shall require that the violator forfeit to that person the sum of five hundred dollars ($500).

45.     Defendant failed to comply with its obligations under Cal. Civ. Code § 2941.

46.     Defendant did not, within 30 calendar days after the obligation secured by Plaintiff's Deed of Trust had been satisfied, execute and deliver to the trustee the original note, deed of trust, request for a full reconveyance, and other documents as may be necessary to reconvey, or cause to be reconveyed, the Deed of Trust.

47.     Defendant did not execute the full reconveyance and record or cause it to be recorded in the office of the county recorder in which the Deed of Trust is recorded within 21 calendar days after receipt of the original note, deed of trust, request for a full reconveyance, the fee that may be charged pursuant to Cal. Civ. Code § 2941(e), recorder's fees, and other documents as may be necessary to reconvey, or cause to be reconveyed, Plaintiff's Deed of Trust.

1    48.    Defendant systematically failed to fulfill these same obligations with respect to the deeds

2  of trust of the Class members.

3    49.    By reason of the foregoing, Defendant has violated Cal. Civ. Code Ann. § 2941.

4    50.    With respect to each such violation, Defendant is liable to Plaintiff and Class members

5  for $500, together with interest thereon.

6                            **PRAYER FOR RELIEF**

7      WHEREFORE, Plaintiff and the Class pray for the following relief:

8    1.    An Order certifying the proposed Class pursuant to Cal. Civ. Code § 382, requiring

9            notice to Class members to be paid by Defendant, and appointing Plaintiff and her

10           counsel to represent the Class;

11    2.    An Order adjudging and decreeing that Defendant have engaged in the conduct alleged

12           herein;

13    3.    An award of statutory damages in the amount of $500 for each violation of Cal. Civ.

14           Code Ann. § 2941 committed by Defendant relating to deeds of trust to which Class

15           members were parties;

16    4.    An award of pre and post-judgment interest at the maximum allowable rate on any

17           amounts awarded;

18    5.    An Order awarding appropriate injunctive relief or declaratory relief, including, but not

19           limited to, an order requiring Defendants to timely execute and cause reconveyances to

20           be recorded;

21    6.    An award of Plaintiff's costs and reasonable attorneys' fees; and

22    7.    Such other and further relief as the Court deems just and proper, including, but not limited

23           to, exemplary damages.

24

25                         **DEMAND FOR TRIAL BY JURY**

26      Plaintiff hereby demands trial by jury of all claims and causes of action in this lawsuit.

27

28

Dated: July 11, 2018

_[signature]_

Jaimie Mak, Esq. (SBN 236505)
Kim E. Richman, Esq. (*pro hac vice* forthcoming)
**THE RICHMAN LAW GROUP**
81 Prospect Street
Brooklyn, New York 11201
Telephone: (718) 705-4579
Facsimile: (718) 228-8522


**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
Todd S. Garber, Esq. (*pro hac vice* forthcoming)
D. Gregory Blankinship, Esq. (*pro hac vice* forthcoming)
Bradley F. Silverman, Esq. (*pro hac vice* forthcoming)
tgarber@fbfglaw.com
gblankinship@fbfglaw.com
bsilverman@fbfglaw.com
445 Hamilton Avenue, Suite 605
White Plains, NY 10605
Telephone: (914) 298-3281
Facsimile: (914) 824-1561

*Attorneys for Plaintiff and the Proposed Class*

# EXHIBIT A

Recording Requested by &
When Recorded Mail To:
Robin Desaussure
Quicken Loans Inc.
635 Woodward Ave.
Detroit, MI 48226

Parcel No. 006-010-103-41



**2017-066749**

11:12 am 08/02/17 ST RE Fee: 33.00
Count of Pages 1
Recorded in Official Records
County of San Mateo
Mark Church
Assessor-County Clerk-Recorder

\* R 0 0 0 2 4 3 2 5 5 8 \*

## Substitution of Trustee and Full Reconveyance

Loan Number: 3360384058

The undersigned, present beneficiary under that certain Deed of Trust dated August 12, 2016, executed by CECELIA ANNE PERKINS, AN UNMARRIED WOMAN, as Trustors to MICHAEL LYON, as original Trustee for Mortgage Electronic Registration Systems, Inc., as nominee for QUICKEN LOANS INC., its successors and assigns, recorded on August 17, 2016, in Document No. 2016-082075, OR Book: --, PG: -- of official records of SAN MATEO County, California, hereby Appoints and Substitutes the undersigned as the new Substituted Trustee thereunder in accordance with the terms and provisions contained therein, whose address is 1050 Woodward Ave, Detroit, MI 48226-1906, and as such duly Appointed and Substituted Trustee thereunder, the undersigned does hereby Reconvey to the Person or Persons legally entitled thereto, without warranty, all the estate, title, and interest acquired by the Original Trustee and by the undersigned as the said Substituted Trustee under said Deed of Trust, wherever the text of this document so requires, the singular includes the plural.

Dated this May 31, 2017

SIGNED:

QUICKEN LOANS INC.
By: David Telega
Its: Authorized Agent

### ACKNOWLEDGEMENT

STATE OF MICHIGAN)
      ss
COUNTY OF WAYNE)

On May 31, 2017, before me, Tabatha Bronner, the above signed officer, David Telega, personally appeared and acknowledged to be the Authorized Agent of QUICKEN LOANS INC., and that is, authorized to, executed the foregoing instrument for the purposes therein contained, by signing in the name of the corporation by as QUICKEN LOANS INC..

Tabatha Bronner
Notary Public, State of Michigan, County Of MACOMB
My Commission Expires: March 26, 2019
Acting in the County of Wayne

Tabatha Bronner
Notary Public of Michigan
Macomb County
Expires 3/26/2019
Acting in the County of Wayne

MIN: 100039033603840582
MERS Phone: 1-888-679-6377

q03360384058 0942 054 0101

Document Number: 2017-066749 Page: 1 of 1

# EXHIBIT 2b

# EXHIBIT 2b

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

QUICKEN LOANS, INC., a California corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CECELIA ANNE PERKINS, individually, as Trustee of the CECELIA ANNE PERKINS LIVING TRUST DATED JANUARY 6, 2016, and on behalf of all others similarly situated

*(sidebar, vertical):* 18 - CIV - 03639 SUM Summons Issued / Filed 1256514

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

# FILED
## SAN MATEO COUNTY

JUL 1 2 2018

Clerk of the Superior Court
By _____
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, San Mateo | **CASE NUMBER:** *(Número del Caso):* 18 C I V 0 3 6 3 9 |

400 County Center
Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jaimie Mak, Esq, The Richman Law Group, 81 Prospect St., Brooklyn, NY 11201, (718) 705-4579

| | | | |
|---|---|---|---|
| DATE: JUL 1 2 2018 *(Fecha)* | RODINA M. CATALANO Clerk, by *(Secretario)* | _____ | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Quicken Loans, Inc., a California corporation

   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

# EXHIBIT 2c

# EXHIBIT 2c

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jaimie Mak, Esq. (SBN 236505), Kim E. Richman, Esq. (pro hac vice forthcoming)
The Richman Law Group
81 Prospect Street, Brooklyn, NY 11201
TELEPHONE NO.: (718) 705-4579    FAX NO.: (718) 228-8522
ATTORNEY FOR *(Name):* Plaintiff, Cecelia Anne Perkins

**F I L E D**
**SAN MATEO COUNTY**

JUL 1 2 2018

Clerk of the Superior Court
By _____
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch

CASE NAME:
Cecilia Anne Perkins, et al. v. Quicken Loans, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder | | 18 CIV03639 |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT:

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* one (violation of Cal. Civ. Code § 2941, et. seq.)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 11, 2018
Jaimie Mak, Esq.
_____(TYPE OR PRINT NAME)_____        ►_____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT 2d

# EXHIBIT 2d

<table>
<tr><td>

Attorney or Party without Attorney (Name/Address)
Jaimie Mak, Esq. (SBN236505)
Kim E. Richman, Esq. (*pro hac vice* forthcoming)
The Richman Law Group, 81 Prospect St., Brooklyn, NY 11201

Telephone:   (718) 705-4579
State Bar No.:   SBN 236505
Attorney for:   Plaintiff, Cecelia Anne Perkins, individually, as
Trustee of the Cecelia Anne Perkins Living Trust dated January
6, 2016, and on behalf of all others similarly situated

</td><td>

FOR COURT USE ONLY

**FILED**
**SAN MATEO COUNTY**

JUL 1 2 2018

Clerk of the Superior Court
By _____
DEPUTY CLERK

</td></tr>
</table>

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN MATEO
400 COUNTY CENTER
REDWOOD CITY, CA 94063

18 – CIV – 03639
CRCCD
Certificate Re: Complex Case Designation
1258520

Plaintiff CECELIA ANNE PERKINS, individually, as Trustee of the CECELIA ANNE PERKINS LIVING TRUST DATED JANUARY 6, 2016, and on behalf of all others similarly situated

Defendant QUICKEN LOANS, INC., a California corporation

| **Certificate Re Complex Case Designation** | Case Number 18 C I V 0 3 6 3 9 |
|---|---|

BY FAX

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.     In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

        D   Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).
           Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

        x   Box 5 – Is [or is not] a class action suit.

2.     This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision]:

This case is designated as complex based on a variety of factors, including that that the

legal and factual issues will be complex, there will likely be numerous pre-trial motions

(potentially including a demurrer, motions for discovery compliance, motions for summary

judgment, and a motion for class certification), there will be a large amount of

documentary and data evidence, and because certification of the putative class will in fact

be vigorously pursued.

*(attach additional pages if necessary)*

3.  Based on the above-stated supporting information, there is a reasonable basis for the complex case designation or counter-designation [or noncomplex case counter-designation] being made in the attached Civil Case Cover Sheet.

*****

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct and that I make this certification subject to the applicable provisions of California Code of Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated: July 11, 2018

Jaimie Mak, Esq.

_____          _____
[Type or Print Name]                 [Signature of Party of Attorney For Party]

# EXHIBIT 2e

# EXHIBIT 2e

# NOTICE OF CASE MANAGEMENT CONFERENCE

CECELIA ANNE PERKINS, et al.

**FILED**
**SAN MATEO COUNTY**

JUL 1 2 2018

Clerk of the Superior Court

By _____
DEPUTY CLERK

Vs.

QUICKEN LOANS, INC., a California corporation

Case No: **18 C I V 0 3 6 3 9**

Date: **NOV 0 9 2018**

Time: 9:00 AM

Dept. _____ —on Tuesday & Thursday

Dept. **11** —on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time, and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC212(g)]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*

# EXHIBIT 2f

# EXHIBIT 2f


| | |
|---|---|
| **CECELIA ANNE PERKINS**<br>Plaintiff (s)<br><br>vs.<br><br>**QUICKEN LOANS, INC., A CALIFORNIA<br>CORPORATION**<br>Defendant (s) | **Notice of Complex Case Status Conference**<br><br>Case No.: 18-CIV-03639     Date:   **9/11/2018**<br>                              Time:   **9:00 AM**<br>                              **Dept. PJ** |

Title: **CECELIA ANNE PERKINS  VS.  QUICKEN LOANS, INC., A CALIFORNIA CORPORATION**

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1. In accordance with applicable **San Mateo County Local Rule 2.30,** you are hereby ordered to:
    a. **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
    b. **Give reason notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Complex Cause Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunities to decide whether the action meets the definition in CRC 3.400(a).

4. Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (C)), designating an action as a complex case in Items 1,2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues' (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at
www.sanmateocourt.org

* Telephone appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, and independent vendor, at least 5 business days prior to the scheduled conference.

**CLERK'S CERTIFICATE OF MAILING**

I hereby certify that I am the clerk of this court, not a party of this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this court as set forth above, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Red wood City, California.


Date: 7/12/2018                                         Rodina M. Catalano,
                                                        Court Executive Officer/Clerk


                                        By: _____
                                                        Brooke Jimenez,
                                                        Deputy Clerk


Copies mailed to:

    CECELIA ANNE PERKINS
    NO KNOWN ADDRESS

    QUICKEN LOANS INC A CALIFORNIA CORPORATION
    NO KNOWN ADDRESS

    JAIME MAK
    RICHMAN LAW GROUP
    535 MISSION ST
    SAN FRANCISCO CA  94105

# EXHIBIT 2g

# EXHIBIT 2g



| | |
|---|---|
| CECELIA ANNE PERKINS<br>Plaintiff (s)<br><br>vs.<br><br>QUICKEN LOANS, INC., A CALIFORNIA<br>CORPORATION<br>Defendant (s) | **Notice of Complex Case Status Conference**<br><br>Case No.: 18-CIV-03639     Date: **9/11/2018**<br>                  Time: **9:00 AM**<br>                Dept. PJ |



Title: **CECELIA ANNE PERKINS VS. QUICKEN LOANS, INC., A CALIFORNIA CORPORATION**

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1. In accordance with applicable **San Mateo County Local Rule 2.30,** you are hereby ordered to:
   a. **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
   b. **Give reason notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Complex Cause Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunities to decide whether the action meets the definition in CRC 3.400(a).

4. Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (C)), designating an action as a complex case in Items 1,2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues' (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at
www.sanmateocourt.org

* Telephone appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, and
independent vendor, at least 5 business days prior to the scheduled conference.

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this court, not a party of this cause; that I served a copy of this notice on the below
date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this court
as set forth above, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the
United States Mail at Red wood City, California.

Date: 7/12/2018                                    Rodina M. Catalano,
                                                   Court Executive Officer/Clerk

                                      By:  _____

                                           Brooke Jimenez,
                                           Deputy Clerk

Copies mailed to:

    JAIME MAK
    RICHMAN LAW GROUP
    535 MISSION ST
    SAN FRANCISCO CA  94105

# EXHIBIT 2h

# EXHIBIT 2h



ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Kim Richman, 629960
The Richman Law Group
81 Prospect Street
Brooklyn, NY 11201
TELEPHONE NO.: (718) 705-4579
ATTORNEY FOR *(Name):* Plaintiff

**F I L E D**
**SAN MATEO COUNTY**
FOR COURT USE ONLY
JUL 1 6 2018
Clerk of the Superior Court
By _____
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, County of, San Mateo County
400 County Center
Redwood City, CA 94063-1655

PLAINTIFF/PETITIONER: CECELIA ANNE PERKINS, et al.

DEFENDANT/RESPONDENT: QUICKEN LOANS, INC., a California corporation

CASE NUMBER:
18CIV03639

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
None

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of: Summons; Complaint; Civil Case Cover Sheet; Certificate Re Complex Case Designation; Notice of Case Management Conference

3. a. Party served: QUICKEN LOANS, INC., a California corporation

   b. Person Served: CT Corporation System - Carlos Paz - Person Authorized to Accept Service of Process

4. Address where the party was served: 818 West Seventh Street, Suite 930
   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 07/12/2018    (2) at (time): 3:00PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   QUICKEN LOANS, INC., a California corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:       Jimmy Lizama
   b. Address:    One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA 94947

   c. Telephone    415-491-0606
   d. The fee for service was: $ 0.00
   e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 4553
         (iii) County: Los Angeles

18 – CIV – 03639
PSP
Proof of Service by PERSONAL SERVICE of
1263871

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 07/13/2018

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 12128987

# EXHIBIT 2i

# EXHIBIT 2i



Superior Court of California
County of San Mateo
400 County Center, 1st Floor
Redwood City, CA 94063-1655

RTS

6F #86 MAILED AT 951 **07/13/18**

neopost
07/12/2018
US POSTAGE $000.42

FIRST-CLASS MAIL
AUTO

ZIP 94063
041L12203324

Jaime Mak

NIXIE        957   FE 1036      0007/31/18

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 94063165599          *0140-05776-14-17

UIF
5 FMGJNMF 94105
94063>1655



18-CIV-03639
MRU
Mail returned undelivered
1306932



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Department
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| | |
|---|---|
| **CECELIA ANNE PERKINS**<br>Plaintiff (s)<br><br>vs.<br><br>QUICKEN LOANS, INC., A CALIFORNIA<br>CORPORATION<br>Defendant (s) | **Notice of Complex Case Status Conference**<br><br>Case No.: 18-CIV-03639　　　Date: **9/11/2018**<br>　　　　　　　　　　　　　　　　Time: **9:00 AM**<br>　　　　　　　　　　　　　　　　**Dept. PJ** |

Title: **CECELIA ANNE PERKINS　VS.　QUICKEN LOANS, INC., A CALIFORNIA CORPORATION**

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1. In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to:
   a. **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
   b. **Give reason notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Complex Cause Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunities to decide whether the action meets the definition in CRC 3.400(a).

4. Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (C)), designating an action as a complex case in Items 1,2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues' (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

**RECEIVED**

SAN MATEO COUNTY

AUG - 7 2018

Clerk of the Superior Court

BY _____
DEPUTY CLERK

For further information regarding case management policies and procedures, see the court website at
www.sanmateocourt.org

* Telephone appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, and independent vendor, at least 5 business days prior to the scheduled conference.

## CLERK'S CERTIFICATE OF MAILING

*I hereby certify that I am the clerk of this court, not a party of this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this court as set forth above, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Red wood City, California.*

Date: 7/12/2018

Rodina M. Catalano,
Court Executive Officer/Clerk

By: _____ **BROOKE N. JIMENEZ** _____

Brooke Jimenez,
Deputy Clerk

Copies mailed to:

JAIME MAK
RICHMAN LAW GROUP
535 MISSION ST
SAN FRANCISCO CA  94105

Rev. Jun. 2016

# EXHIBIT 2j

# EXHIBIT 2j

# Case Information

18-CIV-03639 | CECELIA ANNE PERKINS vs. QUICKEN LOANS, INC., A
CALIFORNIA CORPORATION

| | | |
|---|---|---|
| Case Number | Court | |
| 18-CIV-03639 | Civil Unlimited | |
| File Date | Case Type | Case Status |
| 07/12/2018 | (42) Unlimited Other | Active |
| | Complaint (Not Spec) | |

# Party

Plaintiff
PERKINS, CECELIA ANNE

Aliases
*TRE* AS TRUSTEE OF THE CECELIA ANNE
PERKINS LIVING TRUST DATED JANUARY
6, 2016

Active Attorneys ▾

Lead Attorney
MAK, JAIME
Retained

Defendant
QUICKEN LOANS, INC., A CALIFORNIA
CORPORATION

# Cause of Action

| File Date | Cause of Action | Type | Filed By | Filed Against |
|---|---|---|---|---|
| 07/12/2018 | Complaint | Action | PERKINS, CECELIA ANNE | QUICKEN LOANS, INC., A CALIFORNIA CORPORATION |

## Events and Hearings

07/12/2018 New Filed Case

07/12/2018 Complaint ▼

Complaint

07/12/2018 Summons Issued / Filed ▼

Summons Issued / Filed

07/12/2018 Civil Case Cover Sheet ▼

Civil Case Cover Sheet

07/12/2018 Certificate Re: Complex Case Designation ▼

Certificate Re: Complex Case Designation

07/12/2018 Notice of Case Management Conference ▼

Notice of Case Management Conference

07/12/2018 Notice of Complex Case Status Conference ▼

Notice of Complex Case Status Conference

07/12/2018 Cause Of Action ▼

| Action | File Date |
|---|---|
| Complaint | 07/12/2018 |

07/16/2018 Proof of Service by PERSONAL SERVICE of ▼

Proof of Service by PERSONAL SERVICE of SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, CERTIFICATE RE C

Comment
SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, CERTIFICATE RE COMPLEX CASE DESIGNATION, NOTICE OF CASE MANAGEMENT CONFERENCE SERVED ON CARLOS PAZ, PERSON AUTHORIZED TO ACCEPT SERVICE OF PROCESS

08/07/2018 Mail returned undelivered ▾

Mail returned undelivered Document: NOTICE OF COMPLEX CASE STATUS CONFERENCE Reason: NOT DELIVERABL

Comment
Document: NOTICE OF COMPLEX CASE STATUS CONFERENCE Reason: NOT DELIVERABLE AS ADRESSED, UNABLE TO FORWARD

09/11/2018 Complex Case Status Conference ▾

Judicial Officer
Master Calendar, -

Hearing Time
9:00 AM

11/09/2018 Case Management Conference ▾

Judicial Officer
Case Management Conferences, -

Hearing Time
9:00 AM

# Financial

PERKINS, CECELIA ANNE

| | | |
|---|---|---|
| Total Financial Assessment | | $1,435.00 |
| Total Payments and Credits | | $1,435.00 |
| 7/12/2018 | Transaction Assessment | $435.00 |

| 7/12/2018 | Transaction Assessment | | | $1,000.00 |
| 7/12/2018 | Case Payment | Receipt # 2018-046641-HOJ | ONE LEGAL LLC | ($1,435.00) |

## Documents

Notice of Complex Case Status Conference

Notice of Complex Case Status Conference

Certificate Re: Complex Case Designation

Notice of Case Management Conference

Complaint

Summons Issued / Filed

Civil Case Cover Sheet

Proof of Service by PERSONAL SERVICE of SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, CERTIFICATE RE C

Mail returned undelivered Document: NOTICE OF COMPLEX CASE STATUS CONFERENCE Reason: NOT DELIVERABL